## PALMER & als. versus PINKHAM & al.

Where the *only ground* of recovery against the defendant was, that he *represented* himself to one to be a partner with another, who bought merchandise of the plaintiffs ; a verdict for the defendant will not be set aside, when it did not appear from the evidence on the trial, that *such representation* was communicated to the plaintiffs before the delivery of their goods.

Parties to a suit can obtain relief from the erroneous rulings of the presiding Judge, *only* in conformity with the provisions of the statute in such cases.

Such relief is provided by a *bill of exceptions.*

The provision made by the Act of 1852, c. 246, § 8, for the disposition of "all questions of law arising on reports of evidence," has reference *only* to cases submitted on the evidence, by agreement of the parties, to the decision of the Court, without being passed upon by the jury.

Whether testimony was rightfully *admitted* or *excluded* cannot arise under this provision.

Nor does the provision in the same section as to "all motions for new trial upon evidence as reported by the presiding Justice," authorize any question respecting the *admission* or *exclusion* of testimony to be raised on such motion.

ON MOTION to set aside the verdict, on report of the evidence.

ASSUMPSIT on an account annexed.

The defendants were sued as partners.    Pinkham was defaulted.    The other denied the partnership.

During the progress of the trial objections were made by plaintiff to certain rulings of the Judge in excluding and receiving testimony, which were noted.

The verdict was for defendant.

All the evidence was reported by the presiding Judge, in which report the objections made by the plaintiff to the rulings were noted, *but no exceptions were filed.*

The cause will be readily understood from the opinion.

*Clifford* and *Appleton,* with whom was *D. Goodenow,* for defendant.

*Leland,* for plaintiff.

The Court will perceive, upon examination of the case, that it was the intention of the counsel, both of plaintiffs and defendants, to adopt this mode of presenting the *whole case,* both law and fact, in the form of a *report,* rather than upon *exceptions and report.*    It is apprehended that it is not irregular, or *violative* of any statute provision, to embody in a report, matters of law, or questions of law which may arise at a trial, and where a report shows that *objections* to testimony were *seasonably* and properly taken at *"Nisi Prius,"* and also that exceptions were properly and seasonably taken, to the *exclusion* of legal testimony.    I know of no reason why the same are not to be considered as properly before the Court.    It is enough for our purpose that the report shows that certain questions of law were reserved, and for aught that appears in the report, it may fairly be presumed,—

1. That exceptions were in fact seasonably *filed* in the case; or —

2. That the counsel for the *defendant assented* that the question of law raised might be presented in the report, and *thereby waived* any right they had to a strict and literal

construction of the provisions of the statute, when exceptions *solely* are presented.

But we apprehend that by a fair construction of the statute of 1852, c. 246, § 8, we are entitled to make our objections in this form. The presiding Judge did report or cause to be reported the evidence in this case, as appears by his certificate in these words: "The foregoing is substantially a report of the whole evidence in this case."

Now we submit one question to the Court on the *effect* and meaning of this certificate. If Judge HOWARD saw fit to present the "question of *law arising* upon a report of the evidence," in the mode which has been adopted in this case, does not the section of the statute referred to fully empower him so to do? And are not the counsel on both sides precluded *now* from objecting thereto? The objection, if there is any soundness in it, should have been taken at the time of making up the report.

It could not have been the intention of the *framers* of the statute of 1852, to require of parties, when a case is before the full *Court* upon a report which distinctly presents "the question of law," also to require of the counsel to present the same "question of law" "on exceptions," because by the same section provision is made in the event of "exceptions" simply being filed. We submit then that the intention of that act is so plain, that unless great violence is done to the apparent meaning of the Act, the objections of the defendant's counsel ought not to prevail.

SHEPLEY, C. J. — When this case was presented on a former occasion, 33 Maine, 32, the letter addressed by Mr. Appleton to the plaintiffs, communicating to them the remarks made by the defendant Sayward, to him, constituted a part of the testimony. On the last trial it was offered and excluded. There was not in the former report, and is not now presented, any satisfactory proof, that the defendants were in fact partners. The only ground upon which the plaintiffs were then, or can now be considered as entitled

to maintain the action, is, that part of the goods were sold and delivered upon a representation of the defendant Say-ward, communicated to them, that he was a partner. As the case is now presented, there is no satisfactory proof, that Sayward's representation to Appleton was communicated to the plaintiffs before they sold and delivered the last bill of goods. According to the report, Mr. Appleton testified, that on the day of his conversation with Sayward, he wrote the letter shown to him to the plaintiffs. What he wrote does not appear to have been stated, and the letter was not received as testimony.

On the testimony presented for their consideration, the jury were fully authorized, if not required, to find a verdict for the defendant.

The counsel for the plaintiffs insists, that the letter of Mr. Appleton to the plaintiffs was erroneously excluded. If this be so, the Court cannot entertain the question and correct the error, unless the case is presented in such form, that it may be done according to the provisions of some statute giving relief in such cases. Full provision has been made for relief by a bill of exceptions; but none is presented.

The report of the evidence does state, that the letter was offered and excluded, and that certain testimony was objected to and admitted.

The report appears to have been made in conformity to the provisions of the Act of 1852, c. 246, § 8. It contains the testimony received, not that excluded.

It is insisted, that the question, whether testimony was correctly admitted or excluded, may be comprehended in this language of the eighth section, "all questions of law arising on reports of evidence." No question of law on the exclusion or admission of testimony can arise on such a report, which would only present questions of law arising out of the evidence reported. This language had reference to a particular course of proceeding in our practice; that of reporting testimony received in a cause, without its submission for decision to a jury, under an agreement of par-

ties, that the Court may dispose of the cause as the parties have agreed.

The language used in that Act, to provide for a case like the present, is, "all motions for new trial upon evidence reported by the presiding justice." This does not and was not intended to embrace a contested question respecting the admission or exclusion of testimony. A construction of either of these clauses, that would authorize it, would be productive of irregularity and mischief in practice.

*Motion overruled.*

HOWARD, HATHAWAY and CUTTING, J. J., concurred.