Rimel v. Hayes.

RIMEL v. HAYES *et al., Plaintiffs in error.*

1. **Partnership:** EVIDENCE. In an action to charge defendants as the partners of one S. who was not a party to the suit, statements of the latter made in the absence of defendants as to the existence of the partnership are not admissible in evidence to prove the same.

2. ———— : ————. Even had S. been a party to the action, such statements of his as to the existence of the partnership made in the absence of a co-defendant, would not have been admissible as against such co-defendant.

3. **Partners, Authority of.** Partners, in the absence of their assent or subsequent ratification, cannot be bound by the acts of a co-partner done outside of the partnership business.

4. **Partners:** HOLDING OUT TO PUBLIC AS SUCH. To render a person liable as a partner of another, it is not necessary that there be a partnership *inter sese*. It is sufficient to bind him, that he so acted and conducted himself towards the public as to induce a reasonable person to deal with him in the honest belief that such partnership existed.

5. ———— : EVIDENCE. Where plaintiff so seeks to charge one as a partner of another on the ground that he held himself out to the public as such partner, only such acts and declarations of the former as came to the knowledge of plaintiff before he dealt with him are admissible in evidence.

*Appeal from Cooper Circuit Court.*—HON. E. L. ED-
WARDS, Judge.

REVERSED.

*Cosgrove & Johnston* for plaintiffs in error.

(1) The statements alleged to have been made to different witnesses by the members of the firm of Hayes, Eager & Co. were not communicated to defendant in error, if at all, until after he made the contract with Smith to do the work for which the suit was brought, and were, therefore, inadmissible in evidence. Smith's Leading Cases (5 Amer. Ed., Hare & Wallace's notes) pp. 981, 982; *Freeman v. Broomfield,* 43 Mo. 391. A man cannot be made a partner against his will, or by accident. *Baird v. Planque,* 1 Foster & F. N. P. 334; *Irving v. Conklin,* 36 Barb. 64; *Osborne v. Brennan,* 10 Amer. Dec. 614. General reputation of the manner of doing business on the part of Hayes, Eager & Co. is not competent to bind them. 1 Greenlf. Ev. § 52; *Smith v. Griffin,* 5 Hill 336; *Scott v. Blood,* 16 Me. 196. (2) The question propounded to plaintiff by his counsel asking to whom he gave credit and whether he would have done the work on the credit of Smith was leading and improper. *Dan-*

*forth v. Carter*, 4 Ia. 235. (3) The instructions given on behalf of plaintiffs below are erroneous. They, especially those numbered 1, 2 and 4, tell the jury, in substance, that the plaintiffs in error are liable to defendant in error, if their manner of dealing came to his knowledge, no matter when. This knowledge should have come to defendant in error before the contract with Smith was entered into. Time is material. 1 Smith's Lead. Cases, pp. 981–2; *Freeman v. Broomfield*, 43 Mo. 391; *Irving v. Conklin*, 36 Barb. 64; *Osborne v. Brennan*, 10 Am. Dec. 614. (4) The instructions numbered 12, 13, 14, 15, 16, 18 and 19, prayed by plaintiffs in error, should have been given. They presented the true issue to the jury. They were correct declarations of law.

*Draffen & Williams* for defendants in error.

The first point made by the plaintiffs in error simply goes to the weight of the evidence which was passed upon by the jury and will not be reviewed here. There is nothing in the point made about "general reputation" to establish partnership. No such evidence was given, and in the defendants' 3d instruction the court expressly told the jury that it could not be proven in that manner. The evidence of other transactions at the same time, showing defendants were dealing as partners of Smith, and were so holding themselves out in the community was competent. *Gates v. Watson*, 54 Mo. 585; 2 Greenlf. Ev. (10 Ed.) § 583; Story on Part. (5th Ed.) §§ 64, 65. The question asked plaintiff as to the parties to whom he gave credit was proper and it was so ruled in *Gates v. Watson*, 54 Mo. 585; *Rippey v. Evans*, 22 Mo. 157. The instructions given fully presented the law to the jury. There was no error in refusing those from 12 to 19 asked by defendants. "The number alone was sufficient to justify a court in refusing them." *Crawshaw v. Sumner*, 56 Mo. 517. The defendants in addition to the principle upon which they were held liable below are also liable under the following

cases: *Thomas v. Moody*, 12 Rep. 71; *Clements v. Yates*, 3 App. Rep. 580.

PHILIPS, C.—This action originated in a justice's court, based on the following account filed with the justice:

"J. R. SMITH, W. C. HAYES and WM. P. EAGER,

In account with ISAAC RIMEL.

To hauling 902 railroad ties, at 7 cts. a tie...... $63.14"

There was no service on the party, Smith, and the action was dismissed as to him. The defendant, Eager, was served with summons. An *alias* summons was issued and the defendant, Hayes, was brought in thereunder. Judgment in the justice's court for plaintiff, and defendants appealed to the circuit court where, after one mistrial, the plaintiff again recovered judgment, and defendants prosecute this writ of error.

The evidence showed that the firm of "Hayes, Eager & Co." were in the spring of 1878 engaged in the business of general merchandise at the town of Overton in Cooper county. The firm was composed of Wm. G. Hayes, Wm. P. Eager and H. Wooldridge. During that spring, about March and April, the said J. R. Smith appeared in the neighborhood and circulated the following hand bill:

"WANTED,

100 TIE MAKERS.

To make ties in Cooper and Moniteau counties, Mo. Will pay from 11 to 12½ cents per tie; will pay every day or each week as desired. Cross at Rocheport and enquire for the tie works of Hayes, Eager & Co., eight miles below Overton, Cooper county, Mo.

J. R. SMITH; HAYES, EAGER & Co."

Various parties applied to Smith and made contracts for getting out and hauling ties. Among them was

plaintiff, who did hauling to the amount claimed in his account. He seeks in this action to hold the defendants responsible for his work on the ground that they were partners with Smith in this matter. This the defendants resist on the ground. that they were not such partners with Smith and had nothing to do with plaintiff's contract. The plaintiff while not claiming the defendants and Smith were partners *inter sese*, yet seeks to recover on the ground that they held themselves out to the community as such partners, and that plaintiff entered into the contract with Smith and performed the work sued for on the faith of the existence of such partnership. Much evidence was offered, *pro* and *con.*, touching this issue, so much of which as bears on the error assigned will be noticed in the course of this opinion.

I. As there was no sufficient evidence of the existence of a partnership in fact between Smith and defendants in the tie business in question, the plaintiff sought to hold defendants liable on the ground that by their acts, conduct and declarations, they appeared before the public as such partners, and the plaintiff entered into the given contract and rendered the service sued for on the faith of the fact that they were jointly interested with Smith. As proof touching the issue the plaintiff, over the objection of defendant, was permitted to introduce in evidence a conversation had between one Stock and said Smith in which Smith is alleged to have said: "Hayes Eager & Co. were in partnership with him," and, perhaps, some other witness testified to other conversations had with Smith. Neither of defendants was present at such conversation. Upon what principle these statements were admitted against these defendants is not apparent. Smith was not a party to the record, and consequently the statement could not be admitted for the purpose of binding him. It was not competent against the defendants because he was a stranger to the record. If it be defended as the statement or admission of a co-partner, on the idea that one partner is the agent of the others, it is

Rimel v. Hayes.

manifest the proposition assumes the very matter in controversy, to-wit: does the partnership exist? A fact to be found *aliunde* by the jury. The injustice of this evidence becomes the more glaring when it is observed that its tendency was to establish the existence of a partnership *inter sese* between defendants and Smith, whereas the court, on objection by plaintiff, excluded altogether the proffered evidence by defendants to show there was no such partnership in fact. Neither this, nor any other statement made by Smith, in the absence and without the sanction of defendants, had a tendency to prove that defendants held themselves out as partners of Smith. It was no declaration of theirs.

This character of evidence has been uniformly repudiated by the courts. *Smith v. Hulett*, 65 Ill. 495, is directly in point. It was an action of assumpsit commenced against Smith, Bishop and Griffin. Smith and Bishop only were served. Griffin was not summoned, nor did he appear to the action. The effort was to charge Smith and Bishop by virtue of an alleged partnership between them and Griffin. Much evidence, there as here, was introduced to establish the existence of the partnership. Against the defendants' objection the declarations of Griffin were admitted to prove the fact of partnership. The court say: "Griffin, although his name was included in the summons, never having been served with process, was not a party to the suit. No judgment could have been had against him. Nothing was required to be proved against him in order to sustain a judgment against him. If there had been, his admission would have been competent. But the proof was only to be made as against Smith and Bishop in order to recover a judgment against them. Although the partnership between the three was to be proved, it must have been done by competent evidence. As against Smith and Bishop the declarations of Griffin were not competent evidence to prove a partnership. One man can not thus affect another by his declarations. If Griffin had been a party to the

suit his declarations would have been admissible as against himself where material to obtain a judgment against him, but as he was not a party there is no ground upon which they could be let in to prove the fact of partnership." Citing 1 Greenlf. Ev., 177; *Degan v. Singer*, 41 Ill. 28; *Dutton v. Woodman*, 9 Cush. 256; *Robbins v. Willard*, 6 Pick. 464. In *Freeman v. Bloomfield*, 43 Mo. 393, it seems to have been taken *nem. con.* that such "declaration alone if actually made can in no way bind" the defendants. It would be not only unjust, but liable to grossest abuse to admit the declarations of an irresponsible imputed partner, not sued even, to fix upon others the fact of a partnership with himself.

II.   In two or more instances plaintiff introduced evidence of the acts and statements of said Wooldridge, touching the hauling and paying for ties without, perhaps, sufficiently connecting the defendants therewith. Wooldridge was not a party to this suit.   He is not even named in the account exhibited by plaintiff as the basis of his statement. It is true the evidence discloses that he was a member of the mercantile firm of Hayes, Eager & Co.   But his power and agency to bind his co-partners would, on well-settled principles, be limited to matters connected with such mercantile transactions.   On the principles of law just applied to the statement of Smith, this evidence was incompetent, unless followed up with proof of the assent or ratification of the defendants.   *Freeman v. Bloomfield*, 43 Mo. 393.

The following instruction numbered 13, asked by the defendants, should have been given:

"It is in evidence in this case that Wm. G. Hayes, W. P. Eager and H. H. Wooldridge were in the spring of 1878, partners in the mercantile business, and you are instructed that the acts and declarations of one of said partners in relation to the tie business will not bind the firm unless the other members of said firm knew of said acts and declarations and assented thereto."

III.   The defendants complain of the action of the

court in refusing to permit them to read in evidence the written agreement between them and Smith for the purpose of showing that in fact they were not partners. It was not necessary to enable plaintiff to maintain the action that there should have been a partnership in fact between the said parties. It was sufficient to bind them, that they should have so acted and conducted themselves toward the public as to induce a reasonable person to deal with Smith in the honest belief that they were partners in the given business. It is but just, however, where the court denies, as was done in this case, the right of defendants to show they are not partners in fact, that it should declare in explicit terms, by instruction, that there is no proof in the case of the existence of an actual partnership between the parties.

IV. When the plaintiff, Rimel, was on the witness stand testifying in his own behalf his counsel propounded to him the following question: "State upon whose credit you did this work?" The court overruled defendants' objection to this question. This is assigned for error. Under the circumstances of this case, we think the question and answer were admissible. *Gates v. Watson*, 54 Mo. 589. The plaintiff propounded the further question to this witness: "Would you have done the work on the credit of Smith?" The court admitted it, against the objection of defendants. We think this pressed the inquiry too far. The issue was, on what did the plaintiff rely, to whom did he give the credit? What he would or might have done is mere speculation. It is argumentative and immaterial. It presented an intangible issue wholly within the breast of the plaintiff which it was not possible for the defendants to disprove.

V. Counsel for defendants have discussed the proposition that the acts, conduct and declarations of the defendants relied on by plaintiff to establish the partnership should have been limited to such acts,, etc., only as came to the knowledge of plaintiff before he entered into the contract and performed the work sued for. As a

proposition of law this is correct. The doctrine which thus fixes upon parties a responsibility as partners when in reality they are not "is nothing more than an illustration of the general principle of estoppel by conduct acted on by another." Lindley on Part., 48. This author, page 50, aptly expresses the rule thus: "No person can be fixed with liability on the ground that he has been held out as a partner, unless two things concur, viz: *First,* the alleged act of holding out must have been done either by him or by his consent; and, *secondly,* it must have been known to the person seeking to avail himself of it. In the absence of the first of these requisites, whatever may have been done, cannot be imputed to the person sought to be made liable. And in the absence of the second, the person seeking to make him liable has not in any way been misled."

In *Baird v. Planque*, 1 Fos. and Fin. 344, it is succinctly stated: "Those acts are only to be considered as evidence rendering more likely the acts of holding out before the contract. The holding out which makes a man liable as partner must of course be before the contract." See also *Palmer v. Pinkham*, 37 Me. 252; *Irvin v. Conklin*, 30 Barb. 64. It must stand with the logic of the doctrine of estoppel on which it is sought to fix the liability of these defendants that only such acts and declarations of the defendants as came to the knowledge of plaintiff before he acted are admissible. As is said by the court in *Bowie v. Maddox*, 29 Ga. 285: "Persons who are mere apparent partners, as distinguished from actual partners, are responsible as such only to those who have acted on the faith that the appearances were according to the reality. The whole foundation of holding such persons liable is good faith. There can be no breach of faith where no faith has been refused." How many or which of the many incidents and acts tending to show a partnership between defendants and Smith put in evidence by plaintiff came to his knowledge before he made the contract, is difficult to determine from his testimony.

If the defendants would avail themselves of the rule above discussed they should have insisted on specifications by this witness and developed by cross-examination the actual facts. As the case is to be re-tried the better course of procedure at the trial would be for the plaintiff to testify in the first instance what facts came to his knowledge on which he relies, and then follow up with proof of the existence of the facts so relied on. Otherwise great injustice might be done defendants by first getting before the jury all the transactions had by defendants with other persons and afterwards wholly failing to show that plaintiff knew of such transactions or relied on them.

VI. The plaintiff, in his testimony, stated that "after Smith left, Hayes, Eager & Co. took charge of all ties. I suppose they sold them." But when defendants offered in evidence the written receipt from Smith, showing that prior thereto he had sold defendants all the ties, it was excluded by the court. As this evidence of plaintiff pertains to acts of defendants subsequent to his performance of the work sued for, if it was competent evidence at all the defendants should certainly have been permitted to show that they took charge and possession of the ties under the sale bill and not as partners. This evidence in other words could only go to establish that defendants were in fact partners by their taking charge of this property, and yet the court excluded all evidence offered by defendants to show they were not in fact partners of Smith. Although there may have been other evidence in the case to support the verdict of the jury, yet it is not for this court to say what effect the improper evidence reviewed may have had in influencing the conclusion reached by the jury. The case should be tried according to law.

The judgment of the court is, therefore, reversed and the cause remanded for further proceedings in conformity with this opinion. All concur, except Hough, C. J., absent.