AUGUSTUS S. FROWEIN, Respondent, v. HAYSLER & HAYSLER, Appellants.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Evidence:** SUFFICIENCY OF: CONTRACT OF PARTNERSHIP. The evidence is reviewed and found sufficient to send to the jury the question, whether plaintiff furnished the defendant partnership with money for the purpose of buying a certain certificate of deposit for the joint benefit of herself and the partnership, and also the question whether the contract was that of the partnership or of one of the partner's only.

2. **Contract:** MEASURE OF DAMAGES: RESCISSION: INSTRUCTIONS. Where plaintiff furnished her portion of the money for the purchase of a certain certificate of deposit for the joint benefit of herself and the defendant, and the latter, after purchasing the certificate, repudiates her interest in it, she may thereupon bring a suit to recover her money, thereby assenting to the rescission of the contract, and the measure of her recovery will be the money furnished with six per cent interest. Instructions are reviewed and found to cover every issue arising on the pleadings.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*W. E. Owen* and *Johnson & Lucas* for appellant.

(1) The court erred in refusing to sustain the demurrer of defendants and in overruling their motion for new trial. Deardorf v. Thatcher, 78 Mo. 128; Cayton v. Hardy, 27 Mo. 536; Meyer v. Mithmar, 41 Mo. App. 405; Tutt v. Clouey, 62

Mo. 116. (2) The measure or damage, if any, was not the amount of money paid by plaintiff, but the actual loss sustained by the plaintiff. Kirkpatrick v. Downing, 58 Mo. 32; Hartzell v. Crumb, 90 Mo. 636; Hotel Co. v. Saner, 65 Mo. 289. For the same reason instruction number two should not have been given. There was no evidence to show that the defendant E. C. Haysler, ever entered into any contract with the plaintiff. Cayton v. Hardy, 27 Mo. 536; Meyer v. Withmar, 41 Mo. App. 405. (4) The court erred in refusing to give instruction number four, asked by the defendants, and giving number one at is own motion.

*Paxton & Rose* for respondent.

(1) Appellants complain that E. C. Haysler was improperly joined as a defendant. An objection that there is a defect of parties or a misjoinder must be made before the trial by demurrer or answer. Appellants' only pleading was a general denial, filed jointly by both defendants. R. S. 1899, secs. 598, 602; Planing Mills v. Church, 54 Mo. 520; Kellogg v. Malin, 62 Mo. 429; Bensieck v. Cook, 110 Mo. 173. (2) Appellants complain because the damages were not assessed according to the contract with Mrs. Frowein; but they repudiated and denied this contract; and they were not at liberty to deny the contract and at the same time claim to have the damages assessed under it. They could not take inconsistent positions. Bensieck v. Cook, 110 Mo. 173; Huff v. Thurman, 78 Mo. App. 635; Johnson-Brinkman Co. v. Bank, 116 Mo. 558; State to use v. O'Neill, 151 Mo. 67; Guntley v. Staed, 77 Mo. App. 155; Bettes v. Magoon, 85 Mo. 580. (4) G. C. Haysler repudiated the contract and refused an accounting, and plaintiff had a right to accept this repudiation, and, the contract being abolished, to bring an action to recover

the consideration for money had and received against the parties who received the consideration. In this case it was the Haysler Hardware Company, composed of E. C. and G. C. Haysler. Winningham v. Fancher, 52 Mo. App. 458; Harris v. Dougherty, 68 Mo. App. 105; Deal v. Bank, 79 Mo. App. 262; Clark v. Bank, 57 Mo. App. 277, 285; Jacoby v. O'Hearn, 32 Mo. App. 566; Chase v. Mercantile Co., 63 Mo. App. 482; Koopman v. Cahoon, 47 Mo. App. 357; Flodye v. Wiley, 1 Mo. 643.

SMITH, P. J.—The petition alleges that the defendants were partners engaged in merchandising, and that plaintiff and defendants being desirious of purchasing a certificate of deposit issued by the Henry County Bank to P. H. Parks for $732, the plaintiff furnished to defendants two hundred and fifty dollars with the understanding that the same was to be used by defendants in making the purchase of said certificate and that she was to have a proportionate interest therein. It further alleged that the defendants purchased said certificate and received dividends thereon amounting to sixty and three-fourths per cent, but defendants, instead of accounting to plaintiff thereon as requested to do by her, have denied and repudiated any interest she either had or might have had therein, etc. The prayer was for the recovery of the said sum of two hundred and fifty dollars and interest.

The answer was a general denial. There was a trial to a jury resulting in judgment for plaintiff and the defendants appealed.

The defendants contend that there was no evidence adduced justifying the verdict, and for that reason the court erred in overruling their motion for a new trial. Although the conversation leading up to and bringing about the said agreement, to the effect that if plaintiff would contribute two

hundred and fifty dollars towards the purchase of said Parks' certificate of deposit that she should have a proportionate interest therein, was carried on with the plaintiff through her agent defendant G. C. Haysler, one of the two partners in the Haysler Hardware Company, yet from the fact that when plaintiff offered to pay the two hundred and fifty dollars, in pursuance of the said agreement, both of the defendants were present and accepted the payment and executed to plaintiff their receipt therefor as partners, fairly authorizes the inference that the transaction on the part of the defendants was that of the partnership, and that the defendant G. C. Haysler in his said conversation and agreement with the plaintiff spoke and acted for the partnership.

If, as the testimony of the plaintiff's son tends to prove, the defendants, on receipt of two hundred and fifty dollars from plaintiff, executed to her a receipt showing that the money had been furnished to them as partners by the plaintiff, and that the same was to be applied by them to taking up the Parks' certificate of deposit, and that afterwards, without the plaintiff's knowledge or consent, they changed that receipt so as to make it show that the said two hundred and fifty dollars had been furnished by the plaintiff's husband, and that still later on, when the plaintiff, on discovering the change in the receipt, called the attention of the partner in charge of the partnership business office thereto, and that he thereupon re-wrote said receipt so as to make it read as originally drawn, then the question of his authority does not arise in the case. It is true that one partner can not be made liable for the act or undertaking of his co-partner in a transaction not embraced in their original partnership business unless proof is adduced that such partner knew of the transaction and assented to it, or subsequently ratified it.   Shoe Co. v. Lumber Co., 86 Mo. App. 438; Canton v. Hardy, 27 Mo. 536; Rimel v. Haynes,

83 Mo. 200. But it appears that when the money furnished by plaintiff was received and the receipt executed that both partners were present and participated in the transaction. Both partners knew of the transaction and assented to it. The execution of the last receipt was but a duplicate of the first, which was executed with the knowledge and consent of both of the partners. That the transaction was that of the partnership is further shown by the testimony of the defendant E. C. Haysler in effect that the money furnished by the plaintiff was entered upon the books of the co-partnership and went into its treasury. It further appears from a letter received by the plaintiff's attorneys from one of the defendants, in which it was stated that they, defendants, proposed to apply the dividends received by them on the Parks certificate of deposit to the payment of the indebtedness of the plaintiff's husband to them as partners, so that it will not do to say that no evidence was adduced tending to prove the agreement between plaintiff and defendants as alleged in the petition. The undisputed evidence shows the purchase by defendants of the said Parks certificate of deposit, the collection of the dividends thereon and the denial and repudiation of the agreement made by them with plaintiff, and of her right to share in the said dividends. We think the evidence is ample to support the verdict.

The defendants object to plaintiff's instruction telling the jury that if it found for plaintiff to assess her damages at two hundred and fifty dollars with interest at six per cent from June 23, 1898. By reference to the petition it will be seen that the action is to recover the consideration of the contract—in the nature of an action for money had and received and not to recover damages at all. When a party to a contract repudiates it, the other party, if he so elect, may rescind by suing for the consideration. 21 Am. and Eng. Ency. Law, p. 44.

Consent to the repudiation is necessarily implied from the act of bringing such suit. 21 Am. and Eng. Ency. Law, p. 72. The effect of such implied consent is to do away with the contract and to leave the consideration in the hands of the party receiving it, without any right in him to retain it. The other party, no doubt, in such case could maintain an action against him for money had and received. Clark v. Bank, 57 Mo. App. loc. cit. 285. It follows from these considerations that when the defendants repudiated the agreement which they had made with plaintiff, and the plaintiff brought her suit to recover the consideration which she had paid to them, that she thereby signified her assent to such repudiation and became entitled to have returned to her the consideration remaining in the hands of the defendant. By such suit she renounced her right to any part of the dividends on said Parks certificate of deposit which she would have been entitled to under the agreement had she not by her action consented to its rescission. The authorities cited by defendants, relating to the measure of damage, have no application to a case like this.

The plaintiff's second instruction told the jury that if she delivered to defendants two hundred and fifty dollars with the mutual understanding that they would apply such sum in the purchase of the Parks certificate of deposit, and that she should have a proportionate interest therein, and that defendants did purchase said certificate but refused to pay her any share in the dividends received thereon, that then defendants had by such conduct repudiated said understanding and that she was entitled to recover back said two hundred and fifty dollars with interest. The defendants' first instruction told the jury in substance that unless they found the facts hypothesised in the defendants' first, the plaintiff was not entitled to recover. These instructions fairly submitted all the issues in the case. The jury, under these instructions, were authorized to con-

sider the defendants' evidence tending to prove that the contract for the purchase of the Parks certificate of deposit was made with plaintiff's husband, and that the money furnished by her was for him and in pursuance of the contract made by defendants with him. This evidence tended to prove the negative of the issue. The instructions covered every issue arising on the pleadings. No error is perceived in the action of the court in the giving or refusing of any of the instructions requested.

It results that the judgment must be affirmed. All concur.