*Hartt* vs. *Leavenworth.*

## HARTT vs. LEAVENWORTH.

Where a verdict is clearly against the evidence, the judgment will be reversed, although no instructions be asked.

## APPEAL from St. Francois Circuit Court.

W. M. CAMPBELL, *for Appellant.*

1. It is substantially proved that the stove and appurtenances in controversy were the property of Henry N. Hartt, and no evidence has been given that he was ever lawfully divested of his property therein, or that Crain ever had title to, or possession of said property.

2. The sale of the property by virtue of execution against Crain, as the property of Crain, could not divest Hartt of title to the property in controversy, as he was not a party, or privy to said execution.

3. The mere fact that the stove was directed to Crain, under the circumstances, is not sufficient

proof to establish a right of property in said Crain; and the marks and direction of the stove are amply accounted for by the plaintiff.

4. The defendant was notified of the right and title of Hartt to the stove before he became the purchaser, and he cannot be considered an innocent purchaser without notice.

5. The pretended transcript of the record of the judgment against Crain, ought to have been rejected, because it was garbled, imperfect and incomplete; because it was not legally certified or authenticated; because it was not relevant to the issues on trial; because no foundation was laid by proof, for such testimony, nor any proof that Crain had any thing to do with the property; because such judgment against Crain was of no force against Hartt; because there was no evidence of the official character of the justices and constables whose names are mentioned in said pretended proceedings and returns; because no copies of the execution and advertisement under which said sale was made, were offered in evidence.

6. The constable by whom the pretended sale was made, under which the defendant claims, testifies that at the time of said sale, he had not given bond nor qualified as such, that he was not a constable, and of course the proceedings are void.

7. For the reasons above stated a new trial ought to have been granted.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of detinue brought by Hartt, the appellant, to recover a cooking stove with its appurtenances. A trial was had in 1844, in St. Genevieve, which resulted in a verdict for the plaintiff; but the court granted a new trial. The defendant took a change of venue to St. Francois, where the case was tried by the court, without a jury, and a verdict given for the defendant.

Upon the trial, it appeared from the depositions of two witnesses, that the cooking stove belonged to the plaintiff, who resided in the city of Louisville; that his wife and child, in company with her mother, came to St. Louis in the fall of 1840, for the purpose of spending the winter with a relative named Crain, who resided in St. Genevieve county; that this cooking stove was sent with them, for the purpose of contributing to the comfort of Mrs. Hartt during her stay at Crain's. The house of Crain was stated to be open, and with indifferent fire-places, and the stove was so constructed as to answer the double purpose of a cooking stove and a Franklin parlor stove. The health of Mrs. Hartt was not good, and she was expected to be confined during the winter. The stove, with its fixtures, was sent to St. Mary's landing, in St. Genevieve county, directed to "John Crane, care of Kent & Co." This direction, the witnesses stated, was so made, because Mrs. Hart was a stranger, and it was thought, that, in the event of an accident, the articles would be more likely to be found, if directed to some one well known in the country. The cooking stove and appurtenances, however, reached their destination, and whilst in the warehouse of "Kent & Co," were levied on

by a constable, on a writ in favor of defendant, against said Crain, and sold and purchased by the defendant.

The defendant gave in evidence a paper purporting to be a transcript of the judgment, execution and endorsements thereon, made by the justice who tried the case of Leavenworth vs. Crain. This paper was objected to, and an exception taken to its introduction.

The defendant also introduced the constable, who levied the writ in the case of Leavenworth vs. Crain, who stated that he levied it on the cooking stove and fixtures, and that it was sold by him under said writ, and bought by the defendant.

A motion was made to set aside the verdict, on the ground that it was against law and evidence, which was overruled.

It is difficult to conjecture on what ground this verdict was rendered. The witnesses of the plaintiff, if their statements were worthy of credit, proved conclusively that the stove belonged to the plaintiff. The only circumstance calculated to induce a belief that it belonged to Crain, was the direction upon the box in which it was enclosed, to John Crain; but the style of this direction was accounted for. There was no evidence given, having any tendency to induce the belief that the stove was not the plaintiff's property; and the only testimony introduced by the defendant, was that he had bought it at a sale under an execution in favor of *himself*, against said Crain. If Crain was not the owner of the stove, this sale, of course, conveyed no title to the defendant. Hartt's property could not be sold under an execution against Crain.

We have uniformly declined interfering with the verdict of a jury, or a court sitting as a jury, where the evidence conflicted, and no point of law was raised by instructions. This court undoubtedly possesses the power of ordering a new trial, where the circuit court refuses to grant one, on the sole ground of the verdict being against evidence. It is a power, however, which it has not been thought expedient to exercise, unless in very clear cases. We think the present is a case of this character, there being no evidence whatever in the record to show any title in Crain, from whom the defendant derives his right, except that the box containing the property was marked with his name, and that circumstance is satisfactorily explained.

The other Judges concurring judgment reversed and cause remanded.

SCOTT, *Judge.*

I concur in reversing the judgment, because so much of the transcript

of the justice was improperly admitted as related to the execution; the execution itself not being produced, nor its absence accounted for.