Nov. Term,
1861.

HENRY
v.
COATS.

---

## HENRY v. COATS.

If, after the indorsement of a promissory note, the name of another maker
is added to the note, without the knowledge or consent of the indorser,
the latter is discharged from his liability on the note.

An assignment of error in these words, viz., "The judgment should have
been for the defendant instead of the plaintiff, and should have sustained

Nov. Term,
1861.

the motion for a new trial," though not artistically drawn, is sufficient **to** bring in review the decision of the Court on the motion for a new trial.

HENRY
v.
COATS.

*Saturday,*
*November 30.*

APPEAL from the *Putnam* Common Pleas.

WORDEN, J.—Action by *Coats*, as indorsee, against *Henry*, upon his indorsement of the following promissory note:

"$375.33                              GREENCASTLE, *May* 25, 1858.

"Twelve months after date, for value received, we promise to pay to the order of *Hallowell & Humphrey*, three hundred and seventy-five dollars and thirty-three cents, without any relief whatever from valuation or appraisement laws, with interest from date.

(Signed,)    "JOHN BRADSHAW,
                "THOMAS N. WILLIAMS."

The note is indorsed:

"For value received, we assign the within note to *William H. Coats.*

                "HALLOWELL & HUMPHREY."

Below these signatures, is that of

                "SOLOMON HENRY."

It is averred that after the making of the note, and before the indorsement thereof by the payees, the name of the defendant was placed upon it, the better to enable the payees to negotiate it.    Judgment for the plaintiff.

The appellee has assigned some cross errors, but having filed no brief in the cause, we need not notice the errors thus assigned.

The appellant has assigned several errors, but it will be necessary to notice only one point arising upon the evidence in the case, as that goes to the merits of the cause, and defeats the plaintiff's right to recover.

It appeared on the trial of the cause, by the testimony of *John W. Humphrey*, one of the payees of the note, who was in no manner contradicted in his statement of the facts, that the note was made at the date of it, by *Bradshaw alone.* That about a month after the note was thus made and delivered, it was changed from "I promise," as it read before, to "We promise" to pay, &c., and *Thomas N. Williams* put his name to the note, below that of *Bradshaw*, with his

consent. That between the time of the making of the note by *Bradshaw*, and the alteration thus made, and while it was the note of *Bradshaw* only, the defendant's name was placed upon it. The change was made without the knowledge or consent of the defendant. Before the note was changed, the payees wanted to sell it to one *Henry Miller*, who wanted another name on the note. The payees told the defendant they wanted his name on the note, in order to sell it to *Miller* to raise the money. He put his name upon it. This was some days before the note was changed, as above mentioned. *Miller* refused to purchase the note. Afterward, the change was made, and the note transferred to the plaintiff, without the knowledge or consent of the defendant.

A paragraph of the answer, duly verified, set up substantially these facts, which were traversed, and a reply in avoidance filed, alleging that after the alteration of the note, and before the sale thereof to the plaintiff, the defendant recognized and approved of the alteration, and that in faith thereof, the plaintiff purchased the note. This reply, however, was wholly without proof.

Whatever may have been the liability assumed by the defendant, in placing his name upon the back of the note, we are of opinion that he was discharged therefrom by the alteration thus made by the payees, without his knowledge or consent. The note upon which he placed his name was an essentially different instrument from the one into which it was converted by the alteration thus made. As indorsed, it was the individual note of *Bradshaw;* as altered, it was the joint note of *Bradshaw* and *Williams*. It is idle to say that the defendant was not injured by the addition of another name as maker of the note. The character and identity of the instrument indorsed by the defendant were changed by the alteration. The alteration left in existence no instrument indorsed by the defendant; that instrument was destroyed.

"It is abundantly settled that a material alteration in a note or bill, avoids it as to previous parties, not consenting thereto." *Holland* v. *Hatch*, 11 Ind. 497, and cases there cited. In a note to *Master* v. *Miller*, cited in the case just referred to, it is said that "Alterations in the date, sum, or

time for payment, or the insertion of words authorizing transfer, or expressing the value to be received on some particular account, *adding the name of a maker or drawer*, or an unwarranted place for payment, are *material* alterations within the above rule."

A new trial, which was properly moved for, should have been granted.

Since the foregoing opinion was prepared, a brief for the appellee has been received. The appellee insists that the reasons for a new trial are not sufficiently specific to raise any question; and *Barnard* v. *Graham*, 14 Ind. 322, and *Medler* v. *Hiatt*, *id*. 405, are referred to as sustaining this position. The reasons are as follows:

" 1. That the finding of the Court is not sustained by the evidence.

" 2. That the finding of the Court is contrary to law.

" 3. Errors of law occurring at the trial, and excepted to at the time."

The cases cited establish that the third reason is insufficient to raise any question; but they do not decide, nor is it intimated in them, that the first and second are not good.

Again, it is assumed in the brief that no error is assigned upon the ruling of the Court in overruling the motion for a new trial.

The last assignment of error is in these words: "That said judgment should have been for the defendant, instead of the plaintiff; and should have sustained the motion for a new trial." This assignment, though not very artistically drawn, seems to be sufficient to bring in review the decision of the Court on the motion. The brief does not point out any error in the rulings on which cross errors are assigned.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*John Hanna* and *Williamson & Daggy*, for the appellant
*H. Secrist*, *S. Turman* and *J. Cowgill*, for the appellee.