SPAUNHORST & HACKMAN, Appellants, *v.* LINK & BIBB, Respondents.

1. *Witnesses — Impeachment — Time, place, and circumstance.*— All that is necessary to contradict a witness, by showing that at some other time he has said something inconsistent with his present evidence, is to ask him questions as to the time, place, and person involved in the supposed contradiction. The rule is simply for the protection of the witness, to give him an opportunity to recollect the facts and correct the statements when immediately brought to his mind. And the evidence touching the conversation ought not to be excluded solely on the ground that it took place after the institution of the suit.

2. *Partnership — Retirement of member — New firm.*—Nothing is better settled than that the retirement of any one partner from a firm consisting of any number of partners operates a dissolution of that firm. Though the business may be continued by the successors even under the same name and style, it is a new firm. And the assignment by one partner of his rights to a copartner is, *ipso facto*, a dissolution of that firm; and, further, where one party goes out of a firm, in order to make the debts of the old partnership a charge upon the new there must be the concurrent consent of three parties—the creditors, the old firm, and the new.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish*, for appellants.

*Crews, Letcher*, and *Laurie*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted by the plaintiffs on a promissory note against defendants, as partners. Judgment was rendered

against Link by default, and Bibb answered, denying the partnership. Under certain instructions the plaintiffs obtained judgment at special term, but this was reversed at general term.

As the question of partnership was a matter of fact, we are precluded from revising the action of the court except so far as its decision was concerned in ruling upon the admissibility of testimony. To prove partnership, Link was introduced as a witness for the plaintiffs, and swore to the existence of the partnership. Upon cross-examination as preliminary to an impeachment of his evidence, and to lay the proper foundation, the counsel for the defendants asked him the following question: "Did you not state to Mr. Sappington, in a conversation with him at your store, in the summer of 1868, that Bibb was not a partner in that store, and never had been?" This question the witness answered in the negative. This further question was then put: "Did you not, in that same conversation with Sappington, in the summer of 1868, tell him that you signed that note to get time, and that you expected to be able to pay it before Bibb found it out?" The witness answered, "No; I never did."

The defense then called Sappington for the purpose of proving the conversation and to show that the witness had made contradictory statements. This was objected to by the plaintiff. The objection was sustained and the evidence ruled out. All that is necessary to contradict a witness, by showing that he has, at some other time, said something inconsistent with his present evidence, is to ask him as to the time, place, and person involved in the supposed contradiction. The rule is simply for the protection of the witness, to give him an opportunity to recollect the facts and correct the statements when immediately brought to his mind. This question was examined and the authorities referred to in the case of The State v. Starr, 38 Mo. 279. The interrogatories propounded to the witness as to time, place, and person contained all that was essential to bring the conversation to his recollection, and were abundantly sufficient to let in the contradictory proof. I think, therefore, that the court committed error in sustaining the objection.

The counsel for the plaintiffs urge that the evidence should be

Spaunhorst et al. v. Link et al.

excluded because the supposed conversation took place after the institution of this suit ; but I am not aware that that makes any difference as regards the veracity of the witness.

It will not be necessary to examine the instructions in detail, but I will briefly state the law which must govern on a new trial. The contest is about a partnership liability. It is alleged that a partnership formerly existed, composed of Link, Hawkins & Bibb, and whilst this firm continued, the goods were bought for which the note sued on was given. After the purchase of the goods, Link purchased the interest of Hawkins, and says that the business was then continued by himself and Bibb. After the withdrawal of Hawkins from the firm, he signed the note in controversy with the names C. G. Link and W. Bibb, for an obligation which was incurred under the prior firm of Link, Hawkins & Co. If there was really a partnership between Link and Bibb, it can not be construed into a continuance of the old partnership previously existing. Nothing is better settled than that the retirement of any one partner from a firm consisting of any number of partners operates a dissolution of that firm. Though the business may be continued by the successors even under the same name, still it is a new firm.

The assignment by one partner of his rights to a copartner is, *ipso facto*, a dissolution of the firm. (Heath v. Sansom, 4 B. & A. 175, per Denman, C. J.) And where one party goes out of a firm, in order to make the debts of the old partnership a charge on the new one formed, there must be the concurrent consent of three parties — the creditors, the old firm, and the new. (Hart v. Alexander, 2 M. & W. 484.) Without a special agreement, which is nowhere alleged or proved, the new partnership could not be made responsible for the debts of the old, and in signing the note Link exceeded his authority.

If a partnership is shown between Link, Hawkins, and Bibb, then Bibb is unquestionably liable on the original cause of action ; but unless it be shown that by consent and agreement of all parties the new firm assumed the liabilities of the old, he can not be held in this proceeding.

I think the judgment should be affirmed. The other judges concur.