HENRY C. MOORE *et al.*, Appellants, *vs.* D. H. LACKMAN, *et al.*, Respondents.

| 52 | 323 |
| 110 | 65 |
| 52 | 323 |
| 93a | 468 |

1. *Partnership—Notes—Dissolution—Power of one partner to bind the others.—* One partner after dissolution of the firm, with notice thereof to the creditor, cannot bind the other partners by making a note in the name of the firm, even in renewal of a note of the firm.

*Appeal from St. Louis Circuit Court.*

*Philip Donahue,* for Appellants.

The individual note of a continuing partner, given for the debt of the firm, cannot be held to be a discharge of the partnership debt, even where there is an express agreement by the creditor to receive it as such. (2 Parsons Bills & Notes, 202; Waydell vs. Luer, 5 Hill, 448; Cole vs. Sacket, 1 Hill, 516; Brown vs. Stills, 49 Penn. S. R., 72.)

*Krum & Patrick,* for Respondents.

One partner after a dissolution of co-partnership has no authority to make a note in renewal of a note of the co-partnership.

SHERWOOD, Judge, delivered the opinion of the court.

Action in the St. Louis Circuit Court brought by the plaintiffs, under the name and style of Young, Moore & Co., against defendants, (who at one time were partners under the firm name of D. H. Lackman) for goods sold and delivered.

Lackman successfully plead his discharge as a bankrupt; Weber his co-defendant by his answer admitted the sale of the goods as charged in the petition, but stated that the partnership, which had existed between himself and Lackman, had been dissolved, and the latter continued business on his own account; that plaintiffs had due notice of such dissolution, and on the first day of September 1868, after such dissolution, upon a settlement made between plaintiffs and Lackman of the indebtedness for which suit was brought, and which indebtedness was then evidenced by open account and negotiable notes, Lackman executed and delivered to plaintiffs his separate individual notes, and plaintiffs accepted the same in satis-

faction of the demand sued on and without Weber's knowledge or consent extended the time of payment &c. A reply was filed to this answer, denying its allegations. There was a jury trial, some conflict of testimony on the issues raised by the pleadings, and a verdict for defendant.

The Court gave the following instructions for defendant:

"The Court instructs the Jury, that after dissolution of a partnership one partner cannot make a note in the name of the firm, even in renewal of a note of the firm, so as to bind the other partner. If therefore the Jury believe from the evidence, that the plaintiffs or any of them received the notes dated September 1, 1868, and that at that time the partnership between Lackman & Weber had been dissolved, and that at the time of the receipt of the notes dated Sept. 1, 1868, plaintiffs, or either of them had notice or knowledge of such dissolution of said partnership, then such notes can be treated and considered by the Jury only as the individual notes of the defendant Lackman, and not as notes of the firm."

"The Court instructs the Jury, that the payment by negotiable notes of prior indebtedness is binding on the parties when so intended by the parties, and in this case if the Jury find from the evidence, that Lackman after the dissolution of the firm gave his individual notes to the plaintiffs, and the plaintiffs knowing of the dissolution agreed to receive them in satisfaction of the preceding indebtedness, including the goods sued on, then the plaintiffs cannot recover against defendant Weber, and the Jury will find in favor of defendants."

"If the Jury find from the evidence, that, at the time the goods sued for were purchased, defendant executed three notes in payment thereof at four, five and six months, and that the defendants' partnership was afterwards dissolved, and that plaintiffs had knowledge and notice of such dissolution, and having such knowledge received the individual notes of Lackman in payment of the balance due on said former notes, and surrendered and canceled such former notes, to defendant Lackman; then the Jury will find for defendant John A. Weber, unless it appears that Weber had knowledge that such old notes were not in fact paid."

It is contended that these instructions were erroneous on the ground that the first instruction above referred to raises an issue not presented by the pleadings, and that there was no evidence on which to base the two other instructions complained of.

The first instruction was not at all irrelevant or improper, as it defined the inability of one partner, after dissolution and notice of such dissolution to those with whom the firm dealt, to bind his former co-partner, and the Jury were thus shown, that the act of renewing the notes by Lackman was a meaningless and nugatory one, unless done for the purpose claimed in defendant Weber's answer.

But even were this instruction the mere abstraction appellants claim it to be, this would not justify a reversal of the judgment, as other instructions were given which taken together with these here inserted presented the merits of the case very fairly before the Jury.

‹ The evidence tending as it did very strongly to show the dissolution of the firm of D. H. Lackman in March 1867, the communication of such fact to plaintiffs ; the subsequent renewal of the old notes of the firm by Lackman with these individual notes in "payment" of the old notes, the marking of the old notes "canceled by cash and notes Sept. 1, 1868, and the surrender on that date of those notes by plaintiffs to Lackman; the ineffectual endeavor of the latter, at the instance of the former, to procure Weber's indorsement and the futile and by no means praiseworthy attempt of the plaintiffs, after Lackman had filed his petition in bankruptcy, to regain possession from Lackman of the old notes was an amply sufficient basis for the other two instructions, whereof complaint is chiefly made. (See Powell vs. Charless' Admrs., 34 Mo., 485.).

With the concurrence of the other Judges, the judgment will therefore be affirmed.