————o————

GERMAN BANK, Appellant, *vs.* SARAH E. DUNN, *et al.*, Respondents.

1. *Note—Alteration—Fraud—Materiality—Subsequent assent, etc.*—After a note was completed, in the absence and without the authority or knowledge of the maker, the name of the payee was by the holder erased, by drawing a pen through it, and inserting in different ink, but apparently in the same handwriting, his own name; and it appeared that the note was in fact made for his benefit, and there was no evidence that the erasure was made with any sinister or fraudulent motive. *Held*, that although the alteration may not have been material or fraudulent, or opposed to the will of the maker, yet it operated to discharge him, and that proof showing that he afterward saw the note and made no objection, coupled with testimony that his attention was only directed to the signature, was not sufficient to establish his sanction of the alteration. (See Evans vs. Foreman, 60 Mo., 449, and Capital Bank vs. Armstrong, *ante*, p. 59.)

*Appeal from St. Louis Circuit Court.*

*Finkelnburg & Rassieur*, for Appellant.

The general rule regarding alteration in a material part of a bill or note does not include the change of the name of the payee. (Trigg vs. Taylor, 27 Mo., 245; see also, Huntington vs. Finch, 3 Ohio St., 445; Broughton vs. West, 8 Ga., 248.) And the alteration being an immaterial one, and for a lawful purpose, and with no improper motive, appellant is entitled to recover. (Lubbering vs. Kohlbrecher, 22 Mo., 596; Haskell vs. Champion, 30 Mo., 138; State vs. Dean, 48 Mo., 464.)

*A. M. Thayer*, for Respondents.

SHERWOOD, Judge, delivered the opinion of the court.

This is a proceeding, having for its object the subjection of certain land, in which Mrs. Dunn, the chief defendant, has a separate estate, to the payment of two promissory notes for $536.45 each, payable respectively in 60 days, and in 4 months after date, to W. B. Harris & Co., which name, after the notes were signed and completed, and in the absence and without the knowledge of Mrs. Dunn, was erased by drawing the pen through it, and inserting in different ink, but apparently in the same handwriting, the name of "Chas. E. Kircher," the teller of plaintiff, for whose benefit the notes were made, in consequence of a worthless check drawn by Harris & Co., and which check the bank in whose favor it was drawn was compelled to pay.

There was no evidence that the name of Harris & Co. was erased and that of Kircher substituted with any sinister or fraudulent motive; nor was there any evidence on the other hand showing any authority from Mrs. Dunn to make the substitution referred to. The alteration was made, as before stated, after the notes were complete by erasing the name of one payee and substituting that of another. This was done in the absence and without the authority of Mrs. Dunn, and in the presence and at the instance of the attorney of the plaintiff. The testimony of a member of the firm of Harris & Co., who, acting for his firm, made the alteration, as well as the testimony of the husband, place the matter in a very clear light; and their testimony to the effect above stated, is strengthened, not only by the testimony of Mrs. Dunn, but the face of the note itself, which clearly shows that the name of the new payee was written with ink of a different color from that which filled the body of the note, and was used to write the name of the original payee. It is urged, however, by plaintiff that the alteration was not a material or fraudulent

one, as it did not thwart the intention of the maker, as that intention found its consummation and fulfillment in making the plaintiff whole in respect to the worthless check, and that the alteration was only tantamount to an assignment by Harris & Co. to the bank. On this point it is sufficient to say, that this court in two very recent decisions (Evans vs. Foreman, decided at St. Joseph, and Capital Bank vs. Armstrong, decided at this term) have held to what we deemed the wiser and safer doctrine ; that of "preventing fraud even in its incipient stages, by putting an absolute interdict on all unauthorized tamperings, placing thereby the holders of paper under the strong bonds of pecuniary self-interest, to keep it entirely intact."

It is true that Mrs. Dunn might have assented to the alteration ; but the mere fact that she saw. the notes afterwards, and "made no objection," is not, when taken in connection with her own testimony that her attention was only directed to her signature, and not to the name of the payee, such an unequivocal act as would warrant us in presuming that she intended to give sanction to the change which had been made.

This view of the case is evidently that of the circuit court and its judgment is affirmed. Judge Vories absent. The other judges concur.