FRANK LUNT, Appellant, v. DAVID J. SILVER, Respondent.

January 29, 1878.

1. The addition of a new name as maker will discharge all the original parties to a note, not consenting thereto.

2. A note was made by A. and B., as joint makers, and handed to C., to be delivered to D., the payee. Before delivery, and without the knowledge or consent of the makers, C. added his name as co-maker of the note, and then delivered it to D. Before maturity, D. indorsed the note to E., who sued and recovered judgment thereon against A. and B. as makers, and D. as indorser. D. paid the judgment, and thereupon sued and recovered judgment against C.; whereupon C. brought an action against B., to indemnify himself for this payment. *Held*, that he could not recover.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

WILLIAM S. FIELD, for appellant, cited: *Baker* v. *Black*, 30 Mo. 225; *Biddle* v. *Boyce*, 13 Mo. 533.

S. N. TAYLOR, for respondent, cited: *Gardner* v. *Walsh*, 5 El. & Bl. 82; *Hall's Administrator* v. *McHenry*, 19 Iowa, 523; *Wallace* v. *Jewell*, 21 Ohio, 171; *Henry* v. *Coates*, 17 Ind. 161; *Haskell* v. *Champion*, 30 Mo. 138; *Evans* v. *Foreman*, 60 Mo. 450.

LEWIS, P. J., delivered the opinion of the court.

It appears from this record that the plaintiff was indebted to James S. Dolan, and proposed to pay him with a note, to be executed by one Ruffner and the defendant as joint makers. The proposal being favorably considered, a note in Dolan's favor was signed by Ruffner on the face, and by defendant on the back thereof, and, in this condition, was handed to plaintiff for delivery to Dolan. On presentation, Dolan refused to accept the note without plaintiff's name thereon, in addition to the others. Plaintiff, without the knowledge or consent of the other signers, wrote his name across the back of the note, whereupon Dolan accepted it. Afterwards, Dolan transferred the note to L. M. Rumsey

& Co., who, upon its maturity, sued and obtained judgment against Dolan, Ruffner, and the present defendant. This judgment was paid by Dolan, who thereupon sued and recovered against the present plaintiff, who satisfied Dolan's judgment. Plaintiff now sues to indemnify himself in a recovery against the defendant. The facts appearing in evidence substantially as here stated, the Circuit Court instructed the jury that the plaintiff was not entitled to recover. Plaintiff took a nonsuit, and, by the usual steps, perfected his appeal.

It is manifest that, whether this be considered as a suit on the note or as for money paid to the use of defendant, there can be no recovery if the defendant was not liable upon the demand which the plaintiff satisfied. That the plaintiff was compelled to pay, avails nothing, if the compulsion resulted from no default of the defendant. If the defendant owed nothing, he could not be in default. The law is well settled that the addition of a new name as maker will discharge all the original parties in a note, not consenting thereto. *Gardner* v. *Walsh*, 5 El. & Bl. 82; *Hall's Administrator* v. *McHenry*, 19 Iowa, 523; *Wallace* v. *Jewell*, 21 Ohio, 171; *Henry* v. *Coates*, 17 Ind. 161; *Haskell* v. *Champion*, 30 Mo. 138.

It does not appear that the defendant ever consented to the addition of the plaintiff's name on the note after its execution and delivery by himself. So far as defendant was concerned, the delivery to plaintiff was a delivery to the payee. The alteration was material, and discharged the defendant from either original or collateral liability. The judgment must be affirmed. All the judges concur.