MOORE v. HUTCHINSON *et al., Appellants.*

1.  **Practice on Appeal from Justice's Court.** In an action commenced before a justice of the peace, a plea of *non est factum* may be filed for the first time in the circuit court.

2.  **Promissory Note**: ALTERATION. Any alteration of a promissory note invalidates it in the hands of the party making the alteration, no matter how pure his motive was.

3.  **Failure of Evidence**: PRACTICE IN SUPREME COURT. When there is no evidence to support the judgment, the Supreme Court will order a reversal, regardless of the declarations of law given.

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

The plaintiff testified that he loaned the money to the defendants, they agreed to pay him one per cent. a month, and the note was drawn that way—he scratched the word " one " out and by so doing he thought it would be an advantage to them.

*Moore & Williams* for appellants.

*Edmund Burke* for respondent.

SHERWOOD, C. J.—Action before a justice of the peace on a promissory note.

I. It was perfectly competent for defendants to file their plea of *non est factum* for the first time in the circuit

court, since the trial in the circuit court was *de novo.* *Phillips v. Bliss,* 32 Mo. 427.

II. The payee of the note had no right to alter the note in the slightest particular, without the consent of all who were interested; and such unwarranted alteration rendered the note null in his hands, no matter how pure his motives in making the alteration. *Haskell v. Champion,* 30 Mo. 136; *Evans v. Foreman,* 60 Mo. 449; *Capital Bank v. Armstrong,* 62 Mo. 59; *German Bank v. Dunn,* 62 Mo. 79.

III. The judgment recovered by plaintiff cannot stand, because there is no evidence to support it; his own testimony showing that he altered the note by striking out the word "one," which rate of interest the note bore per month. And the motion for a new trial called attention to the fact that the verdict was contrary to the evidence. Under such circumstances this court interferes, regardless of the declarations of law given, or if none were given. *Hart v. Leavenworth,* 11 Mo. 629; *Robbins v. Phillips,* 68 Mo. 100. Judgment reversed. All concur.

REVERSED.