The Farmers' Bank of Maitland, Appellant, v. Lovina Myers *et al.*, Respondents.

Kansas City Court of Appeals, May 16, 1892.

Alteration: NEW MAKER TO NOTE. The signing of a name as maker to a note is an alteration that will discharge all the original parties not consenting thereto.

*Appeal from the Holt Circuit Court.*—Hon. Cyrus A. Anthony, Judge.

Affirmed.

*Huston & Parrish,* for appellant.

(1) The defendants answer separately, and the only defense imposed is that the defendants did not sign the note. The first instruction is erroneous, because it requires that both of the defendants must have signed the note, or neither was liable. (2) The third instruction is erroneous. Under this instruction said defendant would not be liable on the note, though she had signed the name of John Myers to it herself, or consented to its being so signed, before it was ever delivered to the payee. At most, the signing or forging the name of John Myers to the note would not vitiate it, unless his name was signed by or with the consent of the payee, or holder thereof after delivery, and without the consent of all the parties to it. *Morrison v. Garth,* 78 Mo. 434–37, cases cited; *Bank v. Fricke,* 75 Mo. 178;

*Moore v. Hutchinson*, 69 Mo. 429; *Evans v. Foreman*, 60 Mo. 49–52; *Williams v. Jenson*, 75 Mo. 681; *Brownell v. Winner*, 29 N. Y. [2 Tiff.] 400–407, and authorities cited; *Graham v. Rush*, 35 N. W. Rep. 518; *Barnes v. Vankeuren*, 47 N. W. Rep. 848; *Mersman v. Werges*, 112 U. S. 139–43, and cases cited; *Snider v. Van Dorn*, 46 Wis. 602, bottom p. 606, top p. 607; *Miller v. Finley*, 26 Mich. 249; 9 Ala. 513–18. The instruction is not predicated on the issues. (3) The second instruction, if it means anything, is inconsistent with both the first and third. Instructions must be consistent. *Henschen v. O'Bannon*, 56 Mo. 289; *Frederick v. Allgaier*, 88 Mo. 598, and authorities cited; *Price v. Railroad*, 77 Mo. 508; *Stevenson v. Hancock*, 72 Mo. 612.

*John W. Stokes*, for respondents.

(1) There was, therefore, no competent evidence to go to the jury on, and the court ought to have directed a verdict for defendants. But the case was submitted to the jury on the evidence, competent and incompetent, and the verdict was for the right party. It should not be disturbed. As to the incompetency of such evidence, *Rose v. Bank*, 91 Mo. 399, and cases cited. The signatures used for comparison did present a collateral issue in this case. *Ibid.* (2) The court did not err in giving instructions for the defendants. No cure, no pay. (3) The second instruction is clearly right; or, if wrong, the error is against the defendants, and the plaintiff cannot complain. (4) The court did not err in giving the third instruction for defendant. No principle is better settled than that a new trial will not be awarded for the giving of an erroneous instruction, where it worked no harm. *Keen v. Schnedler*, 92 Mo. 516; *Torpey v. City, etc.*, 24 Mo. App. 288; *Frizzelle v. Paint Co.*, 24 Mo. App. 529; *Sherwood v. Miller*,

37 Mo. App. 48; *Desberger v. Harrington*, 28 Mo. App. 632; 32 Mo. App. 552. Nor will the giving of erroneous instructions be ground of reversal, when under the undisputed facts the appellee is entitled to the judgment he has recovered. *Burnett v. West*, 39 Mo. App. 599; *Hunter v. St. Louis*, 25 Mo. App. 660; *Haniford v. City of Kansas*, 103 Mo. 172. (5) The signing of a name to a note as a maker, after it has been executed and delivered, is an alteration of it (*Lunt v. Silver*, 5 Mo. App. 186, cases cited); or, adding to the name the letters, "& Co." (*Haskell v. Champion*, 30 Mo. 136, cases cited); or, to insert the date or rate of interest (*Sav. Inst. v. Ecky*, 51 Mo. 272); so erasing the name of the payee and inserting another name (*Bank v. Dunn*, 62 Mo. 79, cases referred to). And, where a note was written to bear one per cent. per month, the payee scratched out the "one," held the note was destroyed. *Moore v. Hutchinson*, 69 Mo. 429, cases cited. A note was altered by adding the words, "President O. F. B. Ass'n," to the name of one of the makers. *Bank v. Fricke*, 75 Mo. 178. It will be seen that in all these cases, and many others, a very slight alteration, by adding or erasing, will destroy the validity of an instrument for the payment of money. 23 Mo. App. 473; *Barnes' Adm'r v. Briggs*, 20 Ind. 139; *Henry v. Coats*, 17 Ind. 161; *Wallace v. Jewell*, 21 Ohio, 171; *Hall's Adm'r v. McHenry*, 19 Iowa, 523.

SMITH, P. J.—The plaintiff bank sued the defendants on a promissory note purporting to have been executed by them to Wm. Downing for $150, and by the latter indorsed before maturity for value to the bank. The defendants interposed as a defense the plea of *non est factum*.

The plaintiff introduced expert evidence tending to establish the signature of Mrs. Myers to the note by

comparison of it with an admittedly genuine extrinsic signature of hers. There was no objection to this method of proving her signature to the note, nor to the standard of comparison so introduced.

There was no evidence adduced which tended in the least to prove that Myers, who could not write, had authorized anyone to sign his name to the note. The evidence on the contrary showed that he did not sign the note sued on or any other paper to Downing, jointly with his wife.

The court, by its instructions, in effect, told the jury that their verdict should be for the defendants, if, *first*, they found Mrs. Myers did not sign her name to the note and that Mr. Myers did not authorize anyone to sign his name or to place his mark thereon, or unless, *second*, they found by a preponderance of evidence that defendants, or either of them, signed the note, or if, *third*, they found that Mrs. Myers signed the note, and that Mr. Myers' name was placed thereon without his authority after it had been signed by her. The defendants had judgment, and the plaintiff appeals.

The defendants' first instruction is no more than the converse of the proposition asserted in plaintiff's instruction. And this instruction, when considered in connection with their first, will be found to have simply directed the jury that, unless they found from a preponderance of the evidence, that one or both of defendants signed the note or authorized it, their verdict should be for defendants. There was nothing improper in this. The defendants' third instruction in effect declared that if A sign a note to B, and afterwards the name of C is forged to the note, then that it cannot be enforced against A, who did sign it. Whether an alteration made in a note is material or immaterial, makes no difference in the result, if such alteration was made by a party interested in the instrument. In either case

the maker will be discharged. *Hunt v. Gray*, 6 Vt. 227; *First Nat. Bank v. Fricke*, 75 Mo. 178; *German Bank v. Dunn*, 62 Mo. 79; *Moore v. Hutchinson*, 69 Mo. 429. · And the signing of a name as maker to a note is an alteration that will discharge all the original parties not consenting thereto. *Dent v. Silver*, 5 Mo. App. 186; *Haskell v. Champion*, 30 Mo. 136; *Gardner v. Walsh*, 5 El. & Bl. 82; *Hall's Adm'r v. McHenry*, 19 Iowa, 523; *Wallace v. Jewell*, 21 Ohio, 171; *Henry v. Coates*, 17 Ind. 161.

It is true that there is some difficulty in reconciling the reasoning in the case of *Williams v. Jenson*, 75 Mo. 681, with that in *First Nat. Bank v. Fricke, supra*, decided at the same term. In the former case, after the note had matured, the payee proposed to the maker that if he would get his wife to sign it that he would extend the time of payment. The wife did sign as an additional maker. In a suit on the note, one of the defenses was that it had been altered. In the opinion of the court in the case it is said that if all of the original parties to the note had consented to the wife's signing, it would have added nothing to the validity of her signature; neither would the absence of their consent constitute her signature an alteration. · When written, it was in the eye of the law nothing; the original maker was just as liable after as before it was attached. Her signature changed nothing. At the time the case was decided, the note of a married woman was void. The alteration, if such it was, was an immaterial one. It seems that in the light of *First Nat. Bank v. Fricke*, that would have been an alteration, and, though an immaterial one, yet, would have been fatal to the validity of the note as against the original maker.

In other jurisdictions it is held that an alteration in a contract, in order to vitiate it, must be material.

It must in some way increase or lessen liability of the obligor. *Miller v. Finley,* 26 Mich. 249: *Barnes v. Vankeuren,* 47 N. W. Rep; *Brownell v. Winner,* 29 N. Y. 408; *Mersman v. Werges,* 112 U. S. 139.

In the case at bar the forged signature was that of a person who could legally bind himself by signing the note, and, therefore, the reasoning in *Williams v. Fricke* had no application. The uncontradicted evidence is that the name of Myers was attached to the note without his authority. There is an entire absence of evidence showing that Mrs. Myers consented to the appending of the signature of her husband to the note. The burden was on the plaintiff to show this. It may be well inferred that the payee of the note appended the signature of Myers thereto after its delivery. There was no direct evidence as to who did it. Under the evidence and rulings of the appellate courts of this state, to which we have referred, we feel constrained to hold the attachment of the signature of defendant Myers to the note to be an alteration which was fatal to its validity.

The judgment of the circuit court will be affirmed. All concur.