ROBERT J. ALLEN, Defendant in Error, v. R. E. DORNAN *et al.*, Plaintiffs in Error.

Kansas City Court of Appeals, March 26, 1894.

**Alteration of Instrument:** PLEADING: ADDITIONAL MAKER. A petition on a promissory note stated that plaintiff, as heir of his father, one of the original makers of the note, had, after its delivery, signed the note as evidence of his intention to pay his father's portion thereof out of the assets of his estate; that plaintiff had purchased said note and was the legal holder. *Held*, the petition stated no cause of action, as plaintiff's signing the note as a maker was such an alteration as to discharge all the original parties not consenting thereto; and the petition should further have alleged that the plaintiff's signature was with the consent of the other makers.

*Error to the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED.

*John D. Bohling* for plaintiffs in error.

The trial court committed error in overruling the demurrer. The fact that the defendant in error signed the note "after it became due" and without any "consideration whatever" was an alteration of the note and discharged plaintiffs in error from all liability thereon. *Huskell v. Champion,* 30 Mo. 136; *Bank v. Frick,* 75 Mo. 178; *Morrison v. Grath,* 78 Mo. 434; *Bank v. Armstrong,* 62 Mo. 59; *Bank v. Ecky,* 51 Mo. 272; *Lunt v. Silver,* 5 Mo. 186. The alteration was a material one. Tiedeman on Commercial Paper, sec. 394, and cases above cited.

*J. W. Jamison* for defendant in error.

(1) By answering, plaintiffs in error waived and abandoned whatever vantage ground they may have acquired by demurring, and the appellate court will not review any issue raised by their demurrer. *Ware v. Johnson,* 50 Mo. 500; *Highley v. Noell,* 51 Mo. 145; *State v. Sappington,* 68 Mo. 475. (2) The defendant in error was entitled to a judgment on the pleadings and the judgment of the trial court should be affirmed. The authorities quoted by plaintiffs in error in the third proposition submitted by them are to the effect that the addition of a name to a note after it has been executed and delivered, and before maturity and without the assent of the original parties to the alteration, will, as a general rule, release the sureties. Defendant

in error contends that while the above proposition may be true, it can not apply to the case at bar, for in this case plaintiffs in error admit in their answer that defendant signed the note in question long after the same became due, and after the consideration had passed between the original parties, and that in signing said note defendant in error incurred no liability. Plaintiffs in error must have known that on the date the said note matured no name had been added, and to whom they must look for contribution. From their admissions defendant's act in signing said note was a nullity, and affected no one; it therefore did not release sureties. To have avoided this contract their answer to plaintiffs' petition should have been *non est factum*. *Williams v. Jensen*, 75 Mo. 681. Tiedeman on Commercial Paper, sec. 394.

SMITH, J.—This suit was brought on a promissory note made by the defendants and one L. M. Allen, since deceased, to W. J. Bond for $130, payable six months after date.

It is alleged in the petition that the plaintiff is the son of the said L. M. Allen, deceased, and succeeded to his estate as heir; that the said Bond assigned said note to the bank of Versailles and that long after it was past due, at the request of said bank, he signed said note as evidence of his good faith and intention to pay out of assets of said decedent's estate the portion of said note for which the said deceased was liable. The petition further alleged that plaintiff had purchased said note and was the legal holder thereof. It was also further alleged that there was in fact no consideration for the signing of said note by the plaintiff.

The question is whether the petition states facts sufficient to constitute a cause of action against the defendants on the note. Do the allegations in the

petition show a liability on the part of the defendants as makers of the note? These queries, we are constrained to think, must be answered in the negative. The law is now very well settled in this state that, where an alteration is made in a note by an interested party therein, whether material or immaterial makes no difference in the result, for in either case the maker will be discharged. *Farmers' Bank v. Meyers*, 50 Mo. App. 157; *Messenger v. Vaughn*, 45 Mo. App. 15; *Ferd Heim Brewing Co. v. Hazen*, 55 Mo. App. 277; *Haskell v. Champion*, 30 Mo. 136; *First Nat. Bank v. Frick*, 75 Mo. 178; *Bank v. Dunn*, 62 Mo. 79; *Moore v. Hutchison*, 69 Mo. 429.

And so it has been ruled that the signing of a name as a maker to a note is an alteration that will discharge all the original parties not consenting thereto. *Lunt v. Silver*, 5 Mo. App. 186; *Farmers' Bank v. Myers*, *supra*, and authorities there cited.

If all the allegations of the petition were true, which we must assume was the case, it is obvious that their legal effect was *prima facie* to discharge the defendants from their liability on the note.

The effect of this however could have been avoided had the petition further alleged, as it did not, that the plaintiff signed the note by or with the consent of the defendants. It must therefore be ruled that the petition did not state a sufficient cause of action to support the judgment, which, accordingly, must be reversed. All concur.