BROUGHTON BROTHERS, Appellants, v. WILLIAM G. SUMNER, Respondent.

**Kansas City Court of Appeals, May 8, 1899.**

1. **Bills and Notes:** NON EST FACTUM: PARTNERSHIP. A partner may not give the partnership note to secure the debt of a former firm of which he was a member, and such note will not bind his partners, as it is without the scope of his authority.

2. ——: ——: ——: RATIFICATION: INSTRUCTIONS. A partner who is not bound by the act of his copartner in giving a note, may with knowledge of the facts, however, by his conduct sanction such action and adopt it as his own; and on the facts in this case an instruction on the subject of ratification which is set out in the opinion should have been given.

3. ——: ——: ——: ——: ——. Other instructions noted and commented upon.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

WM. H. CHILES and N. M. HOUX for appellants.

(1) The court erred in refusing to give the instruction numbered 2 as originally asked by appellants and in interlining the words "and became a partner of Mathews," and then giving it. (2) The court refused to give to the jury instruction 5, asked by them, which was based upon the evidence of Jas. K. Broughton and which submitted to the jury whether there was a ratification by Sumner of the act of Mathews in giving a note which purported to bind him. Bank v. Gay, 63 Mo. 33; Campbell v. Pope, 96 Mo. 468; Bless v. Jenkins, 129 Mo. 656, sec. e and f, p. 659; Story on Agency, secs. 252, 253, 258; 2 Greenl. on Ev., secs. 66, 67. (3) For

the reasons given in point 2 the court erred in giving respondent's instruction 3, which utterly ignores the question not only of ratification, but of assent that might have been found to have been given subsequent to the giving of the notes.

SMITH, P. J.—This is an action on a promissory note alleged to have been made by Mathews & Sumner, the latter being defendant. The defense pleaded was that of *non est factum*. The defendant had judgment in the circuit court and plaintiffs have appealed.

The plaintiffs assail the judgment on the ground that the court erred in its action refusing their fifth instruction, which told the jury that if they believed from the evidence that A. O. Mathews and W. G. Sumner were partners in business, then even though they may believe that said Mathews had no right to bind the firm of Mathews & Sumner for the debt in controversy, yet if afterwards the defendant Sumner became aware of the fact that he was claimed to be so held by the note sued upon and made no objection thereto, then such act would be a ratification of the execution of the note sued upon by said Sumner and he would be bound therein to the same extent as if Mathews had originally the power to execute the note.

The plaintiff James K. Broughton testified that he was in business with his brother in Odessa and that they dissolved November 1, 1888; that about a year after the note in suit was given at his store he spoke to the defendant about it, and he said that he had no money to pay it with. He made no other objection to the note. There was evidence tending to establish the partnership relation between Mathews and the defendant at the time the note was executed by Mathews by signing such partnership name thereto. There was also testimony tending to prove that Mathews & Pool were owners and engaged in operating a certain threshing machine, etc., and that while so engaged they became indebted to plaintiffs to the amount of the note sued on. There was some further evidence

tending to prove that the defendant Sumner succeeded to the rights of Pool in the threshing machine business, and that thereafter the note in suit was given to plaintiffs for the said indebtedness of Mathews & Pool.

The question now is, whether the plaintiffs' said instruction correctly stated the law as applicable to the facts which the evidence just stated tends to prove. It does BILLS and notes: not clearly appear whether the partnership of non est factum: partnership. Mathews & Sumner, if it was a partnership, was commercial or non-commercial. But whether the one or the other in the view which we take of the case the result would be the same. If the note were a forgery then there could be no ratification. Kelchner v. Morris, 75 Mo. App. 588; Ferry v. Taylor, 33 Mo. 323; Hammerslough v. Cheatham, 84 Mo. 22.

If Mathews & Sumner were partners and Mathews gave the note sued on for the Mathews & Pool debt, he was, as far as anything is disclosed by the evidence, acting outside of the scope of his implied agency, and did not thereby bind the partnership. Cayton v. Hardy, 27 Mo. 536; Rimel v. Hayes, 83 Mo. 200. His act was no more than that of any other agent who had exceeded his authority and thereby failed to bind his principal. Filbrun v. Ivers, 92 Mo. 388.

But may not an unbound partner bind himself by his subsequent ratification? He who may authorize in the beginning may ratify in the end. Bank v. Gay, 63 Mo. ——: ——: ——: ratification: instructions. Mo. loc. cit. 39; Mechem on Agency, secs. 111, 112. If a person who assumes to represent another is in fact the agent of such other, but has exceeded the limit of his authority, he has not thereby conferred any rights against his principal. When facts connected with the doing of the act are brought to the knowledge of him on whose behalf it was done, he may decide to sanction and confirm and adopt it as his own; or without expressly deciding about it he may so conduct himself that for the protection of

innocent third persons, or of the assumed agent himself, the law will presume that he did so sanction and confirm such act and adopt it as his own. In either of these ways he may give effect to what was before unauthorized and without effect. Mechem on Agency, sec. 110; Bank v. Gay, *ante;* Bank v. Dunn, 62 Mo. 79; Bless v. Jenkins, 129 Mo. loc. cit. 659; Chouteau v. Allen, 70 Mo. 290; Kiley v. Forsee, 57 Mo. 390. We therefore think in view of the principles just adverted to that the plaintiffs were entitled to said instruction and that it was error in the court to refuse it.

The interpolation by the court into the plaintiffs' second instruction of the words "and became a partner of Mathews," was improper since in its altered form it required a conclusion of law to be found by the jury.

The defendant's third instruction, which declared that, although Mathews & Sumner were partners and that Mathews executed the note in suit to pay the debt of Mathews & Pool without Sumner's consent, yet if plaintiffs knew these facts when they accepted said note then they were not entitled to recover, should not have been given without the qualification contained in the plaintiffs' said fifth instruction. These two instructions, if both given, would be well enough, but to give the latter without the former was highly improper.

The judgment will accordingly be reversed and cause remanded. All concur.