LOUIS FRIEDMAN, Respondent, v. M. ENGEL & COMPANY, Defendant; J. C. PUNCH, Appellant.

St. Louis Court of Appeals, April 1, 1902.

Partnership: DISSOLUTION: LIABILITIES. Where a partnership is dissolved by one member selling his interest to a third person, but the business is conducted in the same firm name, the renewal of a promissory note of the old firm in the firm name by a member thereof, who is also a member of the new firm, is not binding on a member of the new firm, who was not a member of the old firm.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

REVERSED.

Friedman v. Punch.

*Montague Punch* for appellant.

(1) The retirement of one partner from a firm operates a dissolution of that firm, even though the business may be continued by the successors under the same name. Spaunhorst v. Link & Bibb, 46 Mo. 197; Allen v. Logan, 96 Mo. 600; Parsons on Partnership, star p. 406. (2) After the dissolution of a partnership one partner can not, in the name of the firm, make, draw or indorse promissory notes or bills of exchange, so as to bind the co-partner. Brady's Admr. v. Hill & Keese, 1 Mo. 315; Patterson v. Camden, 25 Mo. 23; Donzelot v. Rawlings, 58 Mo. 77; McDaniel v. Wook & Oliver, 7 Mo. 543. (3) Nor can a partner execute a note in the name of the firm after the dissolution of the firm, even in renewal of a note of the firm, so as to bind the other partner, as it is beyond the scope of his authority. Moore v. Lackman, 52 Mo. 324; Long v. Story 10 Mo. 640; Am. and Eng. Ency. of Law, p. 1143, and numerous cases cited. (4) In order to make the debts of the old partnership a charge on the new one formed, there must be the concurrent consent of three parties—the creditors, the old firm and the new. Spaunhorst v. Link & Bibb, 46 Mo. 199. (5) The general authority to settle the partnership concerns does not create such a power. The partner must have a particular power vested in him by the articles of association or of dissolution. Evangelical Synod v. Schoeneich, 143 Mo. 659; Long v. Story, 10 Mo. 640.

*Stern & Haberman* for appellee.

(1) The fourth assignment of error by appellant is the "misconception by the circuit judge of the law relating to co-partnership applicable to this case." That this assignment of error is an improper one is clearly manifest from the case

Vol 93, app—30.

of Tyler v. Larimore, 19 Mo. App. 445. The principle which will govern the court in determining this question is set out in the case of Pomeroy v. Coons, 20 Mo. 598, wherein the court states: "The general doctrine, no doubt, is that the partnership still continues liable, notwithstanding dissolution in favor of a customer who takes without notice a note executed in the name and on account of the firm; and when a partner retires and the business is continued under the same style, the continuing partnership is considered the same partnership within this rule, so far, at least, that a note executed on account of the continuing partnership binds the retired partner in favor of a customer without notice." This doctrine must apply even more forcefully to the facts in the case at bar, as the partner sought to be held is a continuing partner and not a retiring one. (2) The same principle is recognized and followed by the Court of Appeals in the case of St. John v. Montgomery Mining Co., 68 Mo. App. 420, wherein is stated the general doctrine to the effect that where a retiring partner desires to relieve himself of the *onus* of subsequent partnership debts he must give notice to prior customers.

BLAND, P. J.—The suit is on the following promissory note:

"St. Louis, Mo., 8-11, 1900.
"One day after date we promise to pay to the order of Louis Friedman, two hundred and fourteen 60-100 dollars, for value received, negotiable and payable at the office of the Union Trust Company of St. Louis, with interest after maturity at the rate of eight per cent per annum.
(Signed)                              "M. ENGEL Co."

The issues were submitted to the court without the intervention of a jury, who, after hearing the evidence and

without giving any declaration of law, rendered judgment against both defendants for the balance due on the note, one hundred and seventy-eight dollars and twenty-eight cents. Defendant Punch alone appealed.

The admitted facts are that on April 19, 1900, the firm of M. Engel & Company was composed of M. Engel, J. C. Punch and A. Trieber, doing business under the name and style of M. Engel & Company; that afterwards, to-wit, on the twenty-fourth day of April, 1900, the firm of M. Engel & Company was dissolved by A. Trieber selling his interest in the firm to Engel and Punch who thereafter continued the business under the old partnership name of M. Engel & Company. On April 19, 1900, M. Engel borrowed of plaintiff two hundred and fifty dollars and gave to him a note for that amount signed "M. Engel & Company." Afterwards and after the dissolution of the firm, to-wit, on August 8, 1900, Engel surrendered the original note to plaintiff and gave the note sued on.

Defendant Punch testified that he did not know anything about the execution of the first note, nor of the note of August 8, until after the firm of M. Engel & Company had gone entirely out of business; that the money borrowed by Engel of the plaintiff was never turned into the firm of M. Engel & Company by Engel; that it was not used to pay any debt of the partnership or used in any way for the benefit of the firm and never was an asset of the firm.

The contention of appellant is that on the retirement of Trieber, the firm of M. Engel & Company became dissolved and that after the dissolution of the partnership Engel had no authority to execute a note renewing the old note. There is no evidence in the record tending to show that Engel had any express authority vested in him by the articles of partnership, or by any agreement at the time of its dissolution, to renew any note which had theretofore been given by the firm of M. Engel & Company composed of Engel, Trieber and Punch,

nor is there any evidence tending to show that Punch or Trieber, after the dissolution, conferred any authority upon M. Engel to renew any note that the firm owed, nor is there any evidence in the record tending to show that the new firm, composed of Engel and Punch, assumed or agreed to pay this or any other partnership debt of the old firm. On the contrary, the evidence is that Punch had no knowledge or information of the existence of the note in suit until sometime in December, 1900, or January, 1901, and after the partnership between him and Engel had been dissolved, or that any money had been borrowed by plaintiff in the name of M. Engel & Company or that any note had been given to him signed by M. Engel & Company.

It is well-settled law that the retirement of one member of a firm *ipso facto* operates as a dissolution of the firm and this is so notwithstanding the new firm may be continued under the same name as the old. Spaunhorst v. Link, 46 Mo. 197; Allen v. Logan, 96 Mo. 591.

It is also well-settled law that one partner can not execute a note in the name of the firm after its dissolution even in renewal of a note of the firm so as to bind any of the other partners. More v. Lackman, 52 Mo. 323; Springer v. Cabell, 10 Mo. 640; Broughton Bros. v. Sumner, 80 Mo. App. 386; Evangelical Synod of North America v. Schoeneich, 143 Mo. l. c. 659. If, therefore, it be conceded that the note is executed in the name of M. Engel & Company, the original note having been given for a debt of the firm composed at the time of Engel, Trieber and Punch, the note given after the dissolution of this firm, by Engel alone without the knowledge or consent of Punch, is not binding on Punch and the judgment as to him is reversed. *Barclay* and *Goode, JJ.,* concur.