THE WILLIS COAL AND MINING COMPANY, Respondent, v. VALENTINE FURSTENFELD, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. PARTNERSHIP: Liability of Member of Dissolved Partnership. The members of a co-partnership are liable for the debts of the firm and this is true even though the partnership has been dissolved.

2. ———: ———. Appellant, a member of a co-partnership, purchased the interests of the other partners in the business under a contract by which the other partners agreed to relieve him of all liability for debts of the old firm, but the creditor was not a party to this agreement. *Held*, that appellant, as well as the other partners, was still liable for the debts of the old firm.

3. PARTIES: Action for Partnership Debt. In a suit against the old members of a dissolved partnership for a debt of the old firm, the wife of one of the members asked to be made a party on the ground that she and her husband had purchased the interests of the other members under a contract relieving them from liability for the firm's debts. *Held*, that no error was committed in refusing to make the wife a party defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*George S. Grover* for appellant.

(1) It was a prejudicial error to deny the motion of Sophia Furstenfeld to be made a party defendant to this action. She claimed an interest in the controversy and was therefore a necessary party thereto. R. S. 1899, sec. 543; 1 Ann. Statutes, 581. (2) Without a special agreement, which is nowhere alleged or proved in this action, the plaintiff was not entitled to recover in this action against the retiring partner, the appellant herein,

upon a debt of the old firm.    Spaunhorst v. Link, 46
Mo. 199; Friedman v. Punch, 93 Mo. App. 468.

*Dawson & Garvin* for respondent.

(1)    The modern doctrine is that the retiring part-
ner is not relieved unless the partnership creditor is a,
party to the agreement of dissolution and for a valua-
ble consideration assents thereto and agrees to dis-
charge and release the retiring partner. Powell v. Blow,
34 Mo. 485; Leabo v. Goode, 67 Mo. 126; Bates on Part-
nership, sec. 534; Ridgley v. Robertson, 67 Mo. App. 45.,
(2) It was not prejudicial error, or any error, to deny
the motion of Sophie Furstenfeld to be made a party de-
fendant to this action.    She was not a member of the
firm of C. Furstenfeld & Sons.    Section 543, Revised
Statutes 1899, does not authorize a person to interfere
in a case without leave of court.    McLaughlin v. Mc-
Laughlin, 16 Mo. 242.    This statute does not mean that
any party may insist upon being made defendant to
any legal controversy which is likely to affect her in-
terest in some collateral manner.    Kortjohn v. Seimers,
29 Mo. App. 271; Brewing v. Helig, 69 Mo. App. 594.

GRAY, J.—This is an action against defendants,
sued as a co-partnership, for coal sold and delivered at
the special instance and request of defendants.    The
petition, after alleging that the plaintiff is a business
corporation organized under the laws of Missouri, al-
leges that the defendants named were co-partners and
dealt in coal and fuel and other merchandise under the
firm name and style of C. Furstenfeld & Sons; that dur-
ing the years of 1901 to 1906, the plaintiff sold to the
defendants coal, and that the defendants are indebted
to plaintiff in the sum of $617.23 therefor.

It stands admitted between the years 1901 and
1906, the defendants were partners, as alleged in the
plaintiff's petition, and that in January, 1906, two of
the defendants sold their interest in the partnership

business to the appellant herein, who was the other member of the firm at that time. The two defendants who had sold their interests to the appellant, permitted judgment to go against them by default, but the appellant filed an answer, alleging that on the 2nd day of January, 1906, he and his wife purchased from the other defendants all the business and property of the co-partnership, and that the two defendants so selling released the appellant from any liability on account of said business, and that said release dissolved the co-partnership, and therefore the defendant is not liable. The wife of the appellant asked to be made a party defendant, and her request was refused, and the action of the trial court in refusing to permit her to be made a party is assigned as error. This is not a suit to establish an equitable lien on the partnership property, and therefore, no error was committed in refusing the request of the appellant's wife. The court struck out all of defendant's answer except the general denial.

When it is considered that this is a suit for a money judgment against the partners of the old firm, and on the original account for the balance due for coal sold and delivered to said original co-partnership, we cannot see what the special matters alleged in the answer had to do with the controversy. The appellant insists that when the old firm was dissolved and he retired, that he was released from all obligations of the firm. The other defendants could have made this plea also, as well as the appellant. They sold to him and his wife and retired from the business, and therefore, they might have alleged that fact and been relieved, and if appellant's defense is good, then the plaintiff would be entirely unable to collect defendants' admitted indebtedness from anyone.

The plaintiff was not a party to the contract by which appellant and his wife purchased the interests of the other defendants, and at no time released any one of the partners from payment of the claim.

The appellant cites the cases of Spaunhorst v. Link, 46 Mo. 199, and Friedman v. Punch, 93 Mo. App. 468, in support of its contention. We can find nothing in those cases dealing with the issue involved. This suit is not an effort to make the debts of the old partnership a charge on the new one. It is simply a suit to make the old members of the firm pay the debt of the old firm. It stands admitted that the appellant was a member of the old firm as well as the new, and all the coal furnished was sold to him and his co-partners and as respondent has in no wise released him, there can be no reason assigned why he should not pay.

The defense is without substantial merit, and the judgment of the trial court will be affirmed. All concur.